**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FREUND, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THOMSON REUTERS CORPORATION; and DOES 1 to 10, inclusive,<br><br>　　　　Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227,** *et seq.*<br><br>(JURY TRIAL DEMANDED) |

CLASS ACTION COMPLAINT

Plaintiff Robert Freund brings this Class Action Complaint on behalf of himself and on behalf of all others similarly situated against Defendants Thomson Reuters Corporation and DOES 1 to 10, inclusive (collectively, "Defendants").

## PARTIES

1. Plaintiff Robert Freund is an individual citizen and resident of Los Angeles, California.

2. On information and belief, Defendant Thomson Reuters Corporation is a multinational media company incorporated in Ontario, Canada, with its principal place of business in Toronto, Canada.

3. Defendants DOES 1 to 10, inclusive are individuals and/or entities (including, but not limited to, telemarketers hired by Thomson Reuters Corporation) whose true identities are currently unknown to Plaintiff but who, on information and belief, participated in the illegal activities complained of here. These Defendants may have participated in, contributed to, or aided and abetted the wrongful actions described in this Complaint. Once the true identities of these individuals are ascertained, Plaintiff will seek leave to amend the Complaint to include their proper names and capacities.

4. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## JURISDICTION AND VENUE

5. Specific jurisdiction over a non-resident defendant exists where: (1) "[t]he non-resident defendant . . . purposefully direct[s] [it]s activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which [it] purposefully avails [it]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" (2) the claim is one that "arises out of or relates to" the defendant's activities in the forum state; and (3) the exercise of jurisdiction comports with "fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff

need only establish the first two prongs, while it is the defendant's burden to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

6. **Purposeful Availment.** Under the first prong of the three-part test, "purposeful availment" includes both purposeful availment and purposeful direction, which are two distinct concepts. *Id.* Where a case sounds in tort, as here, courts employ the purposeful direction test. Purposeful direction requires the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger*, 374 F.3d at 802).

7. In determining whether phone calls are sufficient contacts with the forum state, district courts focus on whether the defendant "knew or should have known" that its calls or messages were sent into California. *Washington Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 678 (9th Cir. 2012), *abrogated on other grounds by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ("Where [defendant] knew or should have known that [plaintiff] is a Washington company, [defendant's] intentional acts were expressly aimed at the state of Washington."); *Fabricant v. Fast Advance Funding, LLC*, No. 2:17-cv-05753-AB (JCx), 2018 WL 6920667, at *3 (C.D. Cal. Apr. 26, 2018) (in a TCPA case, finding the plaintiff sufficiently alleged personal jurisdiction where the defendant made unsolicited phone calls to the plaintiff's cell phone that had a California area code); *Naiman v. TranzVia LLC*, No. 17-CV-4813-PJH, 2017 WL 5992123, at *9 (N.D. Cal. Dec. 4, 2017) (noting that the defendant would be subject to personal jurisdiction if it had intentionally made unsolicited calls to the plaintiff's cell phone, which had a California area code); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014) (finding that the defendant expressly aimed its conduct at California where some of the "thousands of similar unsolicited text messages" to the "general public" were sent to cell phones with California based area codes).

8. Here, Defendants purposely directed their conduct toward residents of Humboldt County, California. Defendants left unsolicited telemarketing[1] messages on Plaintiff's cellular device, despite Plaintiff's repeated requests to not be called. Plaintiff's cellular device—which serves as his residential telephone—is assigned a (530) area code, which corresponds to a location in this district.

9. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, on information and belief, Defendants intentionally sent or transmitted, or intentionally caused to be sent or transmitted on their behalf, the same or substantially the same unsolicited telemarketing messages that Plaintiff received to at least thousands of phone numbers, many of which had a California area code (including (530)). Defendants' unsolicited telemarketing messages were expressly aimed at, and caused harm to, California residents. Defendants' messages are a nuisance, an invasion of privacy, and an expense to everyone who received them, including Plaintiff.

10. ***Claim Arising Out of Action in the Forum Prong.*** Under the second prong of the three-part specific jurisdiction test, personal jurisdiction exists where, as here, the claim "arises out of or relates to" the defendant's activities in the forum state. Courts in the Ninth Circuit use a "but for" test to determine whether the claim "arises out of" the nonresident's forum-related activities. In other words, the test is satisfied if the plaintiff would not have suffered loss "but for" the defendant's activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

11. Here, Defendants' contact with the forum—making and directing unsolicited telemarketing messages to recipients, including Plaintiff, in California (and likely elsewhere, too)—is the basis of their TCPA violations. But for Defendants' contact with the forum, Plaintiff (and the thousands of other individuals who received Defendants' unsolicited messages) would not have suffered harm.

---

[1] "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

3
CLASS ACTION COMPLAINT

12.     *Venue.* Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendants:

- a) are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets within this District;
- b) do substantial business within this District; and
- c) are subject to personal jurisdiction in this District because they have availed themselves of the laws and markets within this District; and the injury to Plaintiff occurred within this District.

## TCPA BACKGROUND

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. 102–243, §2(5), Dec. 20, 1991, 105 Stat. 2394 (codified at 47 U.S.C. § 227).

14.     Among other things, the TCPA requires that those who make telemarketing calls have an internal written policy pertaining to "Do Not Call" requests. *See* 47 C.F.R. § 64.1200(d) (requiring telemarketers to have or maintain a procedure for maintaining a do-not-call list; the regulation provides that businesses are prohibited from "initiat[ing] . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity."); *see also Powers v. One Techs., LLC*, No. 3:21-cv-2091, 2022 WL 2992881, at *2 (N.D. Tex. July 28, 2022) (finding "that § 64.1200(d) was issued to further the privacy right in § 227(c)," so "the private right of action contained in § 227(c) reaches violations of § 64.1200(d)" (footnote omitted)).

## FACTUAL ALLEGATIONS

15.     Defendants are "person[s]" as the term is defined by 47 U.S.C. § 153(39).

16. Plaintiff's telephone number, 530-XXX-1654, is a cellular telephone line, which serves as Plaintiff's residential telephone. That number is assigned to a telephone service that is charged per the call.

17. On May 30, 2025, Plaintiff explicitly revoked his consent to receive marketing messages from Defendant, as shown from the following screenshot.

> On Fri, May 30, 2025 at 1:39 PM Robert Freund <robert@robertfreundlaw.com> wrote:
> Andres,
>
> Please opt me out of all marketing emails, calls, and texts from Thomson Reuters / Westlaw. I do not have any existing relationship with these businesses.
>
> Thanks,
>
> Robert Freund
> Robert Freund Law
> 10866 Wilshire Blvd., Suite 400
> Los Angles, CA 90024
> (323) 553-3407 | robert@robertfreundlaw.com
>
> On Fri, May 30, 2025 at 1:36 PM Fernandez, Andres (Operations & Technology) <Andres.Fernandez@thomsonreuters.com> wrote:
> Robert,
>
> I am following up on my email and phone call regarding our promotions for our new **Gen-AI Legal Assistant** for solo attorneys. Generative AI has revolutionized the way attorneys will work, and I would love to schedule a brief time so you can learn more about the platform and see what other firms in your area are currently leveraging for a competitive advantage.

18. Nonetheless, Defendant placed at least three calls and left multiple voice messages on Plaintiff's telephone, after he revoked consent, thereby refusing to honor Plaintiff's do-not-call request, including on February 11, 13, and 18, 2026.

19. Plaintiff's explicit request that Defendant stop all telephonic communications with him constituted a directive that Plaintiff be placed on Defendant's internal do-not-call list.

20. The calls and voicemails received by Plaintiff were sent for the purpose of encouraging him to purchase goods or services from Defendant—namely, to induce

5
CLASS ACTION COMPLAINT

Plaintiff to purchase Defendant's "cutting-edge AI solutions." These calls and messages therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

21. Plaintiff and all members of the classes defined below have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls and messages also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

22. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following classes of persons or entities similarly situated throughout the United States.

23. The classes of persons Plaintiff proposes to represent are tentatively defined as:

### INTERNAL CALL LIST CLASS

All persons within the United States who received one or more message from Defendant promoting its goods and/or services, while Defendant failed to institute procedures to maintain a list of persons who requested not to receive telemarketing messages, within four years of the filing of this action.

### *CA INTERNAL CALL LIST SUBCLASS*

All persons within California who received one or more message from Defendant promoting its goods and/or services, while Defendant failed to institute procedures to maintain a list of persons who requested not to receive telemarketing messages, within four years of the filing of this action.

24. Excluded from the classes are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

25. The members of the classes as defined above are identifiable through phone records and phone number databases.

26. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

27. Plaintiff is a member of the classes.

28. There are questions of law and fact common to Plaintiff and to the proposed class members, including but not limited to the following:

    a. Whether Defendants' calls and messages are solicitations;

    b. Whether Defendant has a written policy, available upon demand, for maintaining a do-not-call list;

    c. Whether Defendant complied with 47 C.F.R. § 64.1200(d)(2), which provides that persons who are engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list;

    d. Whether Defendant continued to contact persons despite their request to be placed on a do-not-call list; and

    e. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions.

29. Plaintiff's claims are typical of the claims of class members.

30. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

31. The actions of the Defendants are generally applicable to the classes as a whole and to Plaintiff.

32. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

33. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## COUNT ONE

### Violations of the TCPA

**(47 U.S.C. §§ 227, *et seq.* & 47 C.F.R. § 64.1200(d))**

34. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

35. 47 C.F.R. § 64.1200(d)(1)–(3) requires persons or entities that make "calls for telemarketing purposes" to have certain mandated safeguards, including a written policy, available upon demand, for maintaining a do-not-call list. 47 C.F.R. § 64.1200(d)(1).

36. 47 C.F.R. § 64.1200(d)(2) provides that persons who are engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list. Courts have found violations of 47 C.F.R. § 64.1200(d)(2) where defendants continue to make unsolicited phone calls despite a plaintiff's request to be placed on a do-not-call list. *See Andrews v. All Green Carpet & Floor Cleaning Serv.*, No. 5:14–cv–00159–ODW(Ex), 2015 WL 3649585, at *5 (C.D. Cal. June 11, 2015); *Kazemi v. Payless Shoesource Inc.*, No. C 09–5142 MHP, 2010 WL 963225, at *3 (N.D. Cal. Mar. 16, 2010).

37. Defendant failed to fulfill these requirements—including by continuing to contact persons despite their request to be placed on a do-not-call list (including Plaintiff)—resulting in violations against Plaintiff and the Class.

38. Because Defendant failed to meet these requirements in violation of 47 C.F.R. § 64.1200(d), Defendant violated 47 U.S.C. § 227(c)(5).

39. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Call List Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

40. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Call List Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. §

227(c)(5).

41. Plaintiff and the Internal Call List Class members also suffered damages in the form of invasion of privacy, wasted time, harassment, and frustration.

42. Plaintiff and the Internal Call List Class members are also entitled to seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, for himself and all members of the classes, Plaintiff requests the following relief:

A. Certification of the proposed classes;

B. Appointment of Plaintiff as representative of the classes;

C. Appointment of the undersigned counsel as counsel for the classes;

D. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from further violating the TCPA;

F. An award to Plaintiff and the classes of damages, as allowed by law, including treble damages and attorneys' fees;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the classes, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

DATED: February 18, 2026           Respectfully submitted,

**KJC LAW GROUP, A.P.C.**

By:   */s/ Kevin J. Cole*
      Kevin J. Cole

*Attorneys for Plaintiff and the Proposed Class*